## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

MARK KILCLINE,                                  :
Plaintiff,                                      :
                                                :
                                                :
v.                                              :
                                                :
EDWARD A. CHARBONEAU,                           :
Individually and in his official capacity       :
as Chief of Police of the North Kingstown        :
Police Department;                              :
DANIEL SILVA, individually                      :
and in his official capacity as an Officer      :
in the North Kingstown Police Department;       :
JOHN URBAN, individually                        :
and in his official capacity as an Officer in   :
the North Kingstown Police Department;          :
KEVIN GLEASON individually                      :
and in his official capacity as an Officer in   :
the North Kingstown Police Department;          :
TOWN OF NORTH KINGSTOWN,                         :
by and through its treasurer,                   :
PATRICIA SUNDERLAND; and                        :
OFFICERS JOHN AND JANE DOES 1-10                :
individually and in their official capacities as :
Officers in the North Kingstown Police          :
Department or Employees of the Town of          :
Kingstown                                       :

CA10 - 432 S

## COMPLAINT

### I. INTRODUCTION

1.      On Sunday February 8, 2009, Mark Kilcline, an eighteen year-old with a history of mental illness, was getting dressed in order to be transported to Butler Hospital when he was shot nine times by the North Kingstown Police Department leaving him in critical condition and permanently paralyzed.

2.      This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 2, 6 and 14 of the Rhode Island Constitution, and under the common

law of the State of Rhode Island, against Officer Silva, Officer Urban, Officer Gleason, police officers of the Town of North Kingstown, in their individual capacities and against the Town of North Kingstown. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and on the pendent jurisdiction of this Court to entertain claims arising under state law.

3.      The individual police officer defendants made an unreasonable seizure of the person of Mark Kilcline, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Mark Kilcline. These violations and torts were committed as a result of policies and customs of the Town of North Kingstown.

## II. PARTIES

4.      Plaintiff Mark Kilcline ("Kilcline") was at all material times a resident of North Kingstown, Rhode Island, and of full age.

5.      Defendant Edward Charboneau ("Charboneau"), upon information and belief, is a citizen and resident of the State of Rhode Island and of the United States. Charboneau, who is sued herein individually and in his official capacity, has been at all times relevant to this complaint, the Chief of Police employed by the Town of North Kingstown. Charboneau was the presiding officer over Defendants Silva, Urban and Gleason at all relevant times. As the commanding officer and the supervising authority of Defendants Silva, Urban and Gleason, Charboneau was responsible for the hiring, screening, training, supervision and conduct of Defendants Silva, Urban and Gleason

6.      Defendant Daniel Silva ("Silva"), upon information and belief, is a citizen and resident of the State of Rhode Island and of the United States. Silva, who is sued herein individually and in his official capacity, was at all times relevant to this complaint, a duly appointed and acting officer of the police department of the Town of North Kingstown.

Silva participated in the excessive force and physical brutality against Mr. Kilcline, including, but not limited to, firing the shots which injured Mr. Kilcline. It was Silva's acts or omissions that escalated or failed to mitigate the situation that led to Mr. Kilcline's severe and permanent injuries. Silva's exertion of brute force and power constitutes an egregious violation of Mr. Kilcline's civil rights. Silva showed flagrant disregard for Mr. Kilcline's civil rights, as they emanate from state and federal law, and was otherwise negligent.

7.     Defendant John Urban ("Urban"), upon information and belief, is a citizen and resident of the State of Rhode Island and of the United States. Urban, who is sued herein individually and in his official capacity, was at all times relevant to this complaint a duly appointed and acting officer of the police department of the Town of North Kingstown. Urban participated in the excessive force and physical brutality against Mr. Kilcline, including, but not limited to, firing the shots which injured Mr. Kilcline. It was Urban's acts or omissions that escalated or failed to mitigate the situation that led to Mr. Kilcline's severe and permanent injuries. Urban's exertion of brute force and power constitutes an egregious violation of Mr. Kilcline's civil rights. Urban showed flagrant disregard for Mr. Kilcline's civil rights, as they emanate from state and federal law, and was otherwise negligent.

8.     Defendant Kevin Gleason ("Gleason"), upon information and belief, is a citizen and resident of the State of Rhode Island and of the United States. Gleason, who is sued herein individually and in his official capacity, was at all times relevant to this complaint a duly appointed and acting officer of the police department of the Town of North Kingstown. Gleason participated in the excessive force and physical brutality against Mr. Kilcline, including, but not limited to, firing the shots which injured Mr. Kilcline. It was Gleason's acts or omissions that escalated or failed to mitigate the situation that led to Mr.

Kilcline's severe and permanent injuries. Gleason's exertion of brute force and power constitutes an egregious violation of Mr. Kilcline's civil rights. Gleason showed flagrant disregard for Mr. Kilcline's civil rights, as they emanate from state and federal law, and was otherwise negligent.

9.  Defendant Town of North Kingstown, Rhode Island is a municipal corporation organized and existing under the laws of the State of Rhode Island.

10.  Defendant Patricia Sunderland ("Sunderland") is herein sued in her representative capacity pursuant to R.I Gen. Laws §45-15-5, as the current Treasurer of the Town of North Kingstown and, should another individual occupy that position, this suit shall continue against said individual in his/or her representative capacity.

11.  Officers John and Jane Does 1-10 were, at all relevant times, police officers or non-uniformed employees of the North Kingstown Police Department or employees of the Town of North Kingstown whose names and identities are unknown to Plaintiff at this time who were responsible for hiring, screening, training, supervision and conduct of Defendants Silva, Urban and Gleason or were otherwise involved in the unlawful acts described herein.

12.  At all relevant times, defendants Charboneau, Silva, Urban, Gleason and John and Jane Does 1 to 10 were acting under color of state law and within the scope of their employment and were in compliance with the actual customs, policies, practices and procedures of the North Kingstown Police Department.

### III. JURISDICTION

13.  Jurisdiction of this Honorable Court is proper pursuant to 28 U.S.C §§1331, 1343, 1367 and 42 U.S.C. §§ 1983, 1988. Venue is proper in this district pursuant to 28

U.S.C §1391(b)(2) in that a substantial part of the events or omissions giving rise to this claim occurred within the judicial district of Rhode Island.

## IV. FACTS

14.     On February 8, 2009, Plaintiff Mark Kilcline was at his residence located at 635 Tower Hill Road in North Kingston.

15.     Mark Kilcline had a history of mental illness, such that he previously received in-patient psychiatric treatment at Butler Hospital in Providence, Rhode Island.

16.     Muriel Miller, the owner of the home where Mark Kilcline was residing, spoke to Mark Kilcline early on Sunday February 8, 2009.

17.     Mr. Kilcline was suffering from a depressive episode and Muriel Miller volunteered to take Mr. Kilcline for treatment at Butler Hospital.

18.     Mark Kilcline was amenable to treatment and went upstairs to change clothes so that he would be ready to go to the hospital.

19.     On the morning of Sunday February 8, 2009, Defendants Silva, Gleason and Urban from the North Kingstown Police Department arrived at the Miller residence.

20.     Prior to their arrival, Defendants Silva, Gleason, Urban and the Town of North Kingstown had received information that Mark Kilcline had a history of mental disability and was suffering from a major depressive episode.

21.     Without the permission of Muriel Miller, the owner of the premises, Defendants Silva, Gleason and Urban stormed upstairs towards Mark's room.

22.     Defendants Silva, Gleason and Urban neither asked Mark Kilcline to come out of his room, nor engaged him in any communication, nor called into police headquarters to request further assistance.

23.     Defendants Silva, Gleason and Urban kicked in Mark's bedroom door and entered Mark Kilcline's bedroom without his consent. The Defendants' invasion of Mr. Kilcline's private space rendered Mr. Kilcline blindsided and, by virtue of sheer manpower and weaponry, barricaded into his second floor bedroom.

24.     Defendants Silva, Gleason and Urban fired their service revolvers at and hit Mr. Kilcline nine times.

25.     Upon arriving at the scene, upon information and belief, the North Kingstown Rescue found Mr. Kilcline lying on his back, his breathing labored, and bleeding profusely from multiple gunshot wounds to the face, chest, abdomen, and right arm.

26.     Although Mr. Kilcline posed no immediate threat to himself or others, Silva, Gleason and Urban from the North Kingstown Police Department responded with excessive force and physical brutality. The egregious exertion of lethal force and power discussed herein constitutes a breach of Mr. Kilcline's civil rights, including but not limited to, those rights afforded him under state and federal law.

27.     The shooting of Mark Kilcline was without legal authority and in violation of his constitutional rights including his right to be secure in his person, his right to be free from the use of unreasonable force and his right to equal protection of the law. All of the above behavior by these defendant police officers is shocking to the conscience because such behavior was an unwarranted exertion of brute force.

28.     The acts/and or omissions of the Town of North Kingstown as set forth herein amount to negligent, reckless, and egregious conduct, which is the proximate cause of the multiple surgeries, hospitalizations, and rehabilitative treatment, and has endured incredible emotional distress. He has also incurred medical bills, pain and suffering, and lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

29.     As a direct and proximate result of the events described herein, Mark Kilcline was transported to Rhode Island Hospital where he was treated for multiple gunshot wounds.

30.     Mr. Kilcline has endured multiple surgeries, hospitalizations, rehabilitative treatment, and has endured incredible emotional distress.

31.     Mr. Kilcline's treatment involved a long and complicated course of care at Rhode Island Hospital's Intensive Care Unit, which included many surgeries.

32.     Mark Kilcline has suffered from respiratory problems; decreased mobility; multiple facial injuries, including loss of an eye; multiple fractures; neurological damage; and severe intra-abdominal injuries.

33.     Upon discharge from Rhode Island Hospital, Mr. Kilcline was released to a chronic care facility where he could receive ongoing evaluations and treatment for his debilitating injuries.

## V. NOTICE OF CLAIM

34.     Prior to institution of the within action against the Town of North Kingstown, plaintiff complied with R.I.G.L. § 45-15-5 and more than forty (40) days have elapsed since plaintiff made presentment of his claim to the Town of North Kingstown without receiving just and due compensation from the said town.

## VI. COUNT I
### 42 U.S.C. §1983
### FOURTH AND FOURTEENTH AMENDMENT VIOLATIONS
### AGAINST DEFENDANTS
### SILVA, URBAN AND GLEASON

35.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34 as if incorporated and reiterated herein.

36.    At all times relevant herein, Defendants Silva, Gleason and Urban were acting under color of law by exercising power made possible because the Defendants were clothed with the authority of law.

37.    The actions of Defendants Silva, Gleason and Urban in using deadly force against Mark Kilcline violated Mark Kilcline's rights under the Fourth and Fourteenth Amendments to the United States Constitution and displayed both deliberate indifference and a reckless disregard of Mark Kilcline's constitutional rights.

38.    The actions of Defendants Silva, Gleason and Urban, in wounding Mr. Kilcline, were neither necessary nor just, constitute unreasonable force in the seizure of Mark Kilcline's person and, thus, deprived Mr. Kilcline of his rights under the Fourth and Fourteen Amendments to the United States Constitution.

39.    Plaintiff Mark Kilcline claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant Officers Silva, Gleason and Urban for violation of his constitutional rights under color of law.

40.    As a direct and proximate result of the actions by Defendants Silva, Gleason and Urban , Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline  has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

41.    Defendants Silva, Gleason and Urban's use of deadly force against the Plaintiff was not reasonable, but rather, constitutes excessive force and physical brutality in derogation of rights secured to the Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution.

42.    Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.    Award Plaintiff all reasonable compensatory damages, including for lost wages, medical bills, mental anguish and emotional distress, any compensatory damages, for each count alleged in the complaint;

b.    Award Plaintiff punitive damages against all Defendants for each count alleged in the Complaint;

c.    Award Plaintiff reasonable attorneys' fees, expert fees and court costs under 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

d.    Award Plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e.    Award Plaintiff legal interest and costs; and

f.    Award such other and further relief as this Honorable Court deems right and just.

### VII. COUNT II
### 42 U.S.C. §1983
### SUPERVISORY LIABILITY
### AGAINST DEFENDANTS CHARBONEAU
### AND/OR JOHN AND/OR JANE DOES 1-10

43.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if incorporated and reiterated herein.

44.    At all times relevant herein, Defendants Silva, Urban and Gleason were acting under color of law by exercising power made possible because the Defendants were clothed with the authority of law.

45.    By reason of the foregoing, Defendants Charboneau and/or John and/or Jane Doe, supervisory personnel of Defendant Officers Silva, Gleason and Urban, acted

with reckless disregard and deliberate indifference in hiring, screening and training of Defendant Officers Silva, Gleason and Urban.

46.    The failure of Defendants Charboneau and John and Jane Doe to provide adequate training, education and discipline of Defendants Silva, Gleason has resulted in the denial of Plaintiff's rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution.

47.    As a direct and proximate result of the actions by each of the Defendants Charboneau and John and Jane Doe, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages in violation of 42 U.S.C. §1983.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.    Award Plaintiff all reasonable compensatory damages, including for lost wages, medical bills, mental anguish and emotional distress, any any other compensatory damages, for each count alleged in the complaint;

b.    Award Plaintiff punitive damages against all Defendants for each count alleged in the Complaint;

c.    Award Plaintiff reasonable attorneys' fees, expert fees and court costs under 42 U.S.C. §1988 for the prosecution of his 42 U.S.C. §1983 claims;

d.    Award Plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

e.    Award Plaintiff legal interest and costs; and

f.    Award such other and further relief as this Honorable Court deems right and just.

## VIII. COUNT III
## ASSAULT
## AGAINST DEFENDANTS
## SILVA, URBAN AND GLEASON

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 47 as if incorporated and reiterated herein.

49.     Defendants Silva, Gleason and Urban fired their service revolvers at Mark Kilcline, causing Mr. Kilcline to suffer apprehension of an immediate harmful contact.

50.     The Defendants' negligent, reckless, and egregious conduct indicates a flagrant disregard for Mr. Kilcine's safety.

51.     As a direct and proximate result of the actions and/or omissions of Defendants Silva, Urban and Gleason, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

52.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.     Award Plaintiff all reasonable compensatory damages, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the complaint;

b.     Award Plaintiff punitive damages against all Defendants for each count alleged in the Complaint;

c.     Award Plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

d.     Award Plaintiff legal interest and costs; and

11

e.      Award such other and further relief as this Honorable Court deems right and just.

## IX. COUNT IV
## BATTERY
## AGAINST DEFENDANTS
## SILVA, URBAN AND GLEASON

53.      Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 52 as if incorporated and reiterated herein.

54.      Defendants Silva, Gleason and Urban fired their service revolvers at Mark Kilcline, hitting him 9 times.

55.      The acts of Defendants Silva, Gleason and Urban, in shooting Mark Kilcline 9 times, were done without Mark's Kilcline's consent.

56.      As a direct and proximate result of the actions and/or omissions of Defendants Silva, Urban and Gleason, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline  has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

59.      Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.      Award Plaintiff all reasonable compensatory damages, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages, for each count alleged in the complaint;

b.      Award Plaintiff punitive damages against all Defendants for each count alleged in the Complaint;

c.      Award Plaintiff reasonable attorneys' fees and court costs pursuant to federal and state law;

12

d.      Award Plaintiff legal interest and costs; and

e.      Award such other and further relief as this Honorable Court deems right and just.

## X. COUNT V
## FALSE IMPRISONMENT
## AGAINST DEFENDANTS
## SILVA, URBAN AND GLEASON

60.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 59 as if incorporated and reiterated herein.

61.     Defendants Silva, Gleason and Urban brandished lethal force, while cloaked with the authority of the North Kingstown Police Department, and ruthlessly pursued Mr. Kilcline without a reasonable basis for doing so.

62.     Defendants lacked a reasonable basis for apprehending Mark Kilcline and, thus, the Defendants' ruthless pursuit of Mark Kilcline was an unfounded assertion of authority.

63.     The Defendants' course of action was to blindside Mark Kilcline with their force and appearance of authority because the Defendants knew and/ or intended that this strategy should impede Mark's liberty of movement; the Defendants' conduct resulted in an intentional, unconsented, and unlawful restraint of Mark Kilcline's physical liberty.

65.     As a direct and proximate result of the actions and/or omissions of Defendants Silva, Urban and Gleason, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

66.     Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.      Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.      Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.      Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law

d.      Award Plaintiff legal interest and costs; and

e.      Award such other and further relief as this Court may deem appropriate.

## XI. COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## AGAINST DEFENDANTS
## SILVA, URBAN AND GLEASON

67.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 66 as if incorporated and reiterated herein.

68.     The Defendants' conduct of barricading, shooting and almost fatally wounding the Plaintiff exposes an intentional and/or reckless disregard of the probability of causing Plaintiff emotional distress.

69.     The conduct was extreme and outrageous.

70.     There is a causal connection between Defendants' conduct and the emotional distress suffered by the Plaintiff.

71.     As a direct result of the intentional infliction of emotional distress by the Defendants, Plaintiff has suffered serious mental anguish.

72.   The actions of Silva, Gleason and Urban in barricading, shooting and wounding Plaintiff cause Plaintiff to suffer irreparable harm.

73.   As a direct and proximate result of the actions and/or omissions of Defendants Silva, Urban and Gleason, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

74.   Plaintiff has no adequate remedy at law to redress the irreparable harm which defendants have caused and continue to cause him.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.   Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.   Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.   Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law

d.   Award Plaintiff legal interest and costs; and

e.   Award such other and further relief as this Court may deem appropriate

## XII. COUNT VII.
### 42 U.S.C. §1983 AGAINST
### TOWN OF NORTH KINGSTOWN

75.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74 as if incorporated and reiterated herein.

76.     Defendant Town of North Kingstown developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to the constitutional rights of its citizens which caused the violations of Mark Kilcline's rights.

77.     It was the custom, policy, and/or practice of the Town of North Kingstown to provide no training or grossly inadequate training to its police officers regarding the following: their duties, responsibilities and conduct towards mentally ill and mentally handicapped individuals; use of force; preventing abuse of authority; communicating with the mentally ill; and, tactics for approaching and otherwise de-escalating situations with the mentally ill, so as to avoid the victimization and wrongful shooting of the mentally ill by police officers.

78.     It was the policy and/or custom or practice of the Town of North Kingstown to conduct grossly inadequate screening in the hiring of its police officers regarding the officers' propensities for violence, abuse of authority and bias towards those with disabilities, including the mentally ill.

79.     It was the policy and/or custom or practice of the Town of North Kingstown to provide grossly inadequate supervision, discipline, and remediation to officers

80.     The Town of North Kingstown has been deliberately indifferent in training, supervising and disciplining officers regarding their duties, responsibilities and conduct towards mentally ill and mentally handicapped individuals; use of force; preventing abuse of authority; communicating with the mentally ill; and, tactics for approaching and otherwise de-escalating situations with the mentally ill, so as to avoid the victimization and wrongful shooting of the mentally ill by police officers.

81.     The Town of North Kingstown has been deliberately indifferent in screening and hiring officers who demonstrate their propensities for violence, abuse of authority and bias towards those with disabilities, including the mentally ill.

82.     As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference on the part of the Town of North Kingstown, Mark Kilcline was deprived of his constitutional rights and severely and permanently injured.

83.     The above described policies and customs demonstrated a deliberate indifference on the part of policymakers of the Town of North Kingstown to the constitutional rights of persons within the Town, and were the cause of the violations of Mark Kilcline's rights alleged herein.

WHEREFORE, the Plaintiff, Mark Kilcline requests that this Court:

a.     Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.     Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.     Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law

d.     Award Plaintiff legal interest and costs; and

e.     Award such other and further relief as this Court may deem appropriate.

## XIII. COUNT VIII
## VIOLATIONS OF ARTICLE 1 SECTIONS 2, 6 and 14
## OF THE RHODE ISLAND CONSTITUTION
## AGAINST INDIVIDUAL DEFENDANTS
## SILVA, GLEASON AND URBAN

84.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 83 as if incorporated and reiterated herein.

85.     The actions of Defendants Silva, Gleason and Urban in barricading, shooting and almost fatally wounding Mark Kilcline were without just cause and in violation of Mr. Kilcline's rights under Article 1, Sections 2, 6, and 14 of the Rhode Island Constitution.

86.     The actions of Defendants Silva, Gleason and Urban, in wounding Mr. Kilcline, were neither necessary nor just and constitute unreasonable force in the seizure of Mark Kilcline's person and, thus, deprived Mr. Kilcline of his rights under Article 1, Sections 2, 6 and 14 of the Rhode Island Constitution.

87.     The actions of Defendants Silva, Gleason and Urban, in invading and barricading Mr. Kilcline's home without due process violated Mr. Kilcline's rights under Article 1, Sections 2, 6 and 14 of the Rhode Island Constitution.

88.     As a direct and proximate result of the actions and/or omissions of Defendants Silva, Urban and Gleason, Mark Kilcline has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline  has incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

89.     The multiple gunshot wounds inflicted upon the Plaintiff were not reasonable, but rather, were an exercise of excessive force and physical brutality by Defendants Silva, Urban and Gleason; as such, this  violent and capricious exertion of power violated Mark Kilcline's rights under Article 1, Sections 2, 6 and 14 of the Rhode Island Constitution.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.     Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.     Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.     Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law

d.     Award Plaintiff legal interest and costs; and

e.     Award such other and further relief as this Court may deem appropriate

## XIV. COUNT IX
## VIOLATIONS OF ARTICLE 1 SECTION 2
## OF THE RHODE ISLAND CONSTITUTION
## AGAINST TOWN OF NORTH KINGSTOWN

90.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 89 as if incorporated and reiterated herein.

91.     Defendant Town of North Kingstown developed and maintained customs, policies, and/or practices exhibiting deliberate indifference to whether mentally ill individuals could avail themselves of equal protection of the laws under Article 1, Section 2 of the Rhode Island Constitution.

92.     The Town of North Kingstown knew, or should have known that the failure to generate preventive procedures or train officers in dealing with the mentally ill would have a disparate impact on the mentally ill in violation of Article 1, Section 2 of the Rhode Island Constitution.

93.     The Town of North Kingstown failed to establish policies and training procedures for the North Kingstown Police Department that addressed the protection,

safety, and happiness of the mentally ill in violation of Article 1, Section 2 of the Rhode Island Constitution.

94.    The Town of North Kingstown had deficient policies that were not conductive to the protection, safety, and happiness of the mentally ill, but rather, created a situation where the police were fundamentally ill-prepared for responding to mental illness; as such, Mark Kilcline became a casualty of this ill-conceived policy in violation of Article 1, Section 2 of the Rhode Island Constitution.

95.    As a direct and proximate result of the foregoing acts, omissions, systemic deficiencies, and deliberate indifference on the part of the Town of North Kingstown, Mark Kilcline was deprived of his rights under Article 1, Section 2 of the Rhode Island Constitution and severely and permanently injured.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.    Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.    Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.    Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law

d.    Award Plaintiff legal interest and costs; and

e.    Award such other and further relief as this Court may deem appropriate

## XV. COUNT X
## DISCRIMINATION BASED ON DISABILITY
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## AGAINST TOWN OF NORTH KINGSTOWN AND CHARBONEAU

96.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 95 as if incorporated and reiterated herein.

97.     Plaintiff is a "qualified individual with a disability" as defined in 42 U. S. C. § 12131(2) because he has a history of mental illness that substantially limits one or more major life activities.

98.     The ADA and its implementing regulations require that the Town of North Kingstown adopt policies and procedures for dealing with mentally ill persons and a failure to train police officers to peacefully deal with mentally ill persons is a violation of § 12131(2) of the ADA.

99.     Mark Kilcline had a history of mental illness, such that he previously received in-patient psychiatric treatment at Butler Hospital in Providence, Rhode Island.

100.    Defendants Silva, Gleason and Urban arrived at the miller residence, having received information that Mark Kilcline was suffering a major depressive episode.

101.    Defendants Silva, Gleason and Urban neither asked Mark Kilcline to come out of his room, nor engaged him in any communication, nor called into police headquarters to request further assistance.

102. The Town of North Kingstown and Charboneau failed to adopt policies and procedures for dealing with mentally ill persons, such as Mark Kilcline.

103.    Defendants' failure to train police officers to peacefully deal with mentally ill persons resulted in Silva, Gleason and Urban's shooting of Mark Kilcline in violation of § 12131(2) of the ADA.

104.    As a direct and proximate result of Defendants' discrimination and non-compliance with Title II of the Americans with Disabilities Act, Plaintiff has endured physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline  has

incurred medical bills, lost wages, and will continue to incur future medical bills, pain and suffering and lost wages.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.      Award Plaintiff all reasonable compensatory damages to Plaintiff, including for lost wages, medical bills, mental anguish and emotional distress, and any other compensatory damages for each count alleged in the Complaint;

b.      Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.      Award Plaintiff reasonable attorneys' fees, expert fee and courts costs under 42 U.S.C. §1988 for the prosecution of his 42 U. S. C. § 12131;

d.      Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

e.      Award Plaintiff legal interest and costs; and

f.      Award such other and further relief as this Court may deem appropriate.

## XVI. COUNT XI
## DISCRIMINATION BASED ON DISABILITY
## TITLE II OF THE AMERICANS WITH DISABILITIES ACT
## AGAINST INDIVIDUAL DEFENDANTS
## SILVA, GLEASON AND URBAN

105.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 104 as if incorporated and reiterated herein.

106.    Plaintiff is a "qualified individual with a disability" as defined in 42 U. S. C. § 12131(2) because he has a history of mental illness that substantially limits one or more major life activities.

107.    The ADA and its implementing regulations require that no qualified individual with a disability be discriminated against on account of his disability and

Defendants Silva, Gleason and Urban's wrongful seizure of Mark Kilcline is a violation of §
42 U.S.C. 12133. of the ADA.

108.   Mark Kilcline had a history of mental illness, such that he previously received
in-patient psychiatric treatment at Butler Hospital in Providence, Rhode Island.

109   Defendants Silva, Gleason and Urban arrived at the miller residence, having
received information that Mark Kilcline was suffering a major depressive episode.

110.   Defendants Silva, Gleason and Urban neither asked Mark Kilcline to come
out of his room, nor engaged him in any communication, nor called into police headquarters
to request further assistance.

102. Defendants Silva, Gleason and Urban shot Mark Kilcline nine times because of
their prejudice and misperception of Mark Kilcline's mental disability.

103.   Defendants Silva, Gleason and Urban's prejudice and misperception of a
mentally ill individual resulted in Silva, Gleason and Urban's shooting of Mark Kilcline in
violation of § 12131(2) of the ADA.

104.   As a direct and proximate result of Defendants' discrimination and non-
compliance with Title II of the Americans with Disabilities Act, Plaintiff has endured
physical pain and suffering and incredible emotional distress; moreover, Mark Kilcline  has
incurred medical bills, lost wages, and will continue to incur future medical bills, pain and
suffering and lost wages.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.   Award Plaintiff all reasonable compensatory damages to Plaintiff, including
for lost wages, medical bills, mental anguish and emotional distress, and any other
compensatory damages for each count alleged in the Complaint;

23

b.     Award Plaintiff punitive damages against all Defendants for each count alleged in the complaint;

c.     Award Plaintiff reasonable attorneys' fees, expert fee and courts costs under 42 U.S.C. §1988 for the prosecution of his 42 U. S. C. § 12131;

d.     Award Plaintiff reasonable attorney's fees and court costs pursuant to federal and state law;

e.     Award Plaintiff legal interest and costs; and

f.     Award such other and further relief as this Court may deem appropriate

### XVII. COUNT XII
### VICARIOUS LIABILITY
### TOWN OF NORTH KINGSTOWN

105.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 104 and Counts I thorough X, inclusive, as if incorporated and reiterated herein.

106.     At all relevant times, defendants Silva, Gleason and Urban were employees and agents of the defendant Town of North Kingstown and were acting within the course and scope of their employment and agency.

107.     As a direct and proximate cause of defendants Silva, Gleason and Urban's negligence or gross negligence, reckless disregard, and heedless indifference, as aforesaid, Mark Kilcline sustained severe and permanent injuries to her mind and body, has endured and will continue to endure pain and suffering, has been and will continue to be unable to perform her usual activities, has and will continue to incur expenses for medical care, treatment, nursing, medication, hospitalizations and the like, and has suffered a loss of wages, benefits, and earning capacity, and has been otherwise damaged.

WHEREFORE, Plaintiff, Mark Kilcline prays this Honorable Court:

a.      Award Plaintiff all reasonable compensatory damages to Plaintiff, including

for lost wages, medical bills, mental anguish and emotional distress, and any other

compensatory damages for each count alleged in the Complaint;

b.      Award Plaintiff punitive damages against all Defendants for each count

alleged in the complaint;

c.      Award Plaintiff reasonable attorneys' fees, expert fees and courts costs under

42 U.S.C. §1988 for the prosecution of his 42 U. S. C. § 12131;

d.      Award Plaintiff reasonable attorney's fees and court costs pursuant to federal

and state law;

e.      Award Plaintiff legal interest and costs; and

f.      Award such other and further relief as this Court may deem appropriate.


**PLAINTIFF DEMANDS A TRIAL BY JURY AND DESIGNATES
ATTORNEY AMATO A. DELUCA, ESQ. AS TRIAL COUNSEL**


Respectfully submitted,
Plaintiff,
By his Attorneys,

Amato A. DeLuca (#0531)
Miriam Weizenbaum (#5182)
Jeffrey A. Mega (#6441)
Matthew T. Jerzyk (#7945)
**DELUCA & WEIZENBAUM, LTD.**
199 North Main Street
Providence, RI  02903
(401) 453-1500
(401) 453-1501 Facsimile