UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MARK KILCLINE,
*Plaintiffs,*

vs.

EDWARD A. CHARBONEAU, individually and in his official capacity as Chief of Police of the North Kingstown Police Department; DANIEL SILVA, individually and in his official capacity as an Officer in the North Kingstown Police Department; JOHN URBAN, individually and in his official capacity as an Officer in the North Kingstown Police Department; KEVIN GLEASON, individually and in his official capacity as an Officer in the North Kingstown Police Department; TOWN OF NORTH KINGSTOWN, by and through its treasurer, PATRICIA SUNDERLAND; and OFFICERS JOHN AND JANE DOES 1-10, individually and in their official capacities as Officers in the North Kingstown Police Department or Employees of the Town of North Kingstown,
*Defendants,*

C.A. No. 10-432S

**ANSWER ON BEHALF OF DEFENDANT, TOWN OF NORTH KINGSTOWN, BY AND THROUGH ITS TREASURER, PATRICIA SUNDERLAND, TO THE PLAINTIFF'S COMPLAINT**

Now comes defendant, the Town of North Kingstown, by and through its treasurer, Patricia Sunderland and answer the plaintiff's complaint as follows:

1. This defendant denies the allegations contained in Paragraph Nos. 1 & 3 of that portion of the plaintiff's complaint entitled "Introduction".

2. This defendant admits that an action has been brought against them as set forth in Paragraph No. 2 in that portion of the plaintiff's complaint entitled "Introduction".

3. This defendant admits the allegations contained in Paragraph Nos. 4, 9 & 10 of that portion of the plaintiff's complaint entitled "Parties".

4. This defendant admits that Edward Charboneau is the chief of police and has supervising authority over Officers Silva, Urban and Gleason as set forth in Paragraph No. 5 of that portion of the plaintiff's complaint entitled "Parties".

5. This defendant admits the allegations contained in Paragraph Nos. 6, 7, & 8 of that portion of the plaintiff's complaint entitled "Parties" in so far as those paragraphs alleged that the defendants were dully appointed and acting as police officers of the police department of North Kingstown at all relevant times, and denies the remaining allegations in said paragraphs.

6. This defendant denies the allegations contained in Paragraph No. 11 of that portion of the plaintiff's complaint entitled "Parties".

7. This defendant admits the allegations contained in Paragraph No. 12 entitled "Parties" only to the extent that at the time of the incident, the Defendants Charboneau, Silva, Urban and Gleason were acting under the color of law and within the scope of their employment. This defendant denies the allegations of misconduct against the individual named defendants. This defendant denies the officers' alleged misconduct conformed to or was in compliance with the actual customs, policies, practices and procedures of the defendant Town of North Kingstown. This defendant makes no response to the allegations addressed to John and Jane Does 1-10 contained in Paragraph No. 12 of that portion of the plaintiff's complaint entitled "Parties" and leaves the plaintiff to his proof of same, except, to the extent that an answer is required, this defendant denies same.

8. This defendant admits the allegations contained in Paragraph No. 13 of that portion of the plaintiff's complaint entitled "Jurisdiction".
9. This defendant admits the allegations contained in Paragraph Nos. 14 & 19 of that portion of the plaintiff's complaint entitled "Facts".
10. These defendants are unable to admit or deny because they do not have sufficient knowledge regarding the allegations in Paragraph Nos. 15, 16, 17, 18, 31, 32 & 33 of that portion of the plaintiff's complaint entitled "Facts" and leave the plaintiff to his proof of same.
11. These defendants deny the allegations contained in Paragraph Nos. 20, 21, 22, 23, 24, 25, 26, 27, 28 & 29 of that portion of the plaintiff's complaint entitled "Facts".
12. These defendants admit the allegations contained in Paragraph No. 34 of that portion of the plaintiff's complaint entitled "Notice of Claim".
13. These defendants deny the allegations contained in Paragraph Nos. 35, 37, 38, 39, 40, 41 & 42 of Count I of the plaintiff's complaint.
14. These defendants admit the allegations contained in Paragraph No. 36 of Count I of the plaintiff's complaint.
15. These defendants deny the allegations contained in Paragraph Nos. 43, 45, 46 & 47 of Count II of the plaintiff's complaint.
16. These defendants admit the allegations contained in Paragraph No. 44 of Count II of the plaintiff's complaint.
17. These defendants deny the allegations contained in Paragraph Nos. 48, 49, 50, 51 & 52 of Count III of the plaintiff's complaint.

18. These defendants deny the allegations contained in Paragraph Nos. 53, 54, 55, 56, 57, 58 & 59 of Count IV of the plaintiff's complaint.
19. These defendants deny the allegations contained in Paragraph Nos. 60, 61, 62, 63, 64, 65 & 66 of Count V of the plaintiff's complaint.
20. These defendants deny the allegations contained in Paragraph Nos. 67, 68, 69, 70, 71, 72, 73 & 74 of Count VI of the plaintiff's complaint.
21. These defendants deny the allegations contained in Paragraph Nos. 75, 76, 77, 78, 79, 80, 81, 82 & 83 of Count VII of the plaintiff's complaint.
22. These defendants deny the allegations contained in Paragraph Nos. 84, 85, 86, 87, 88 & 89 of Count VIII of the plaintiff's complaint.
23. These defendants deny the allegations contained in Paragraph Nos. 90, 91, 92, 92, 93, 94 & 95 of Count IX of the plaintiff's complaint.
24. These defendants deny the allegations contained in Paragraph Nos. 96, 97, 98, 99, 100, 101, 102, 103 & 104 of Count X of the plaintiff's complaint.
25. This defendant denies the allegations contained in Paragraph Nos. 105, 106, 107, 108, 109, 110, 102, 103 & 104 (mislabeled, should read 105, 106, 107, 108, 109, 110, 111, 112 & 113) of Count XI of the plaintiff's complaint.
26. This defendant denies the allegations contained in Paragraph Nos. 105 & 107 (mislabeled, should read 114 & 116) of Count XII of the plaintiff's complaint.
27. This defendant admits the allegations contained in Paragraph No. 106 (mislabeled, should read 115) of Count XII of the plaintiff's complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

This defendant pleads absolute and qualified immunity as a bar to the within complaint.

### SECOND AFFIRMATIVE DEFENSE

This defendant pleads all forms of statutory and common law immunity as a bar to the within complaint.

### THIRD AFFIRMATIVE DEFENSE

This defendant pleads the public duty doctrine as a bar to the within complaint.

### FOURTH AFFIRMATIVE DEFENSE

This defendant pleads the statutory cap on damages as a bar and restriction on the amount of damages recoverable in this matter.

### FIFTH AFFIRMATIVE DEFENSE

This defendant objects to and contests to suit being brought in her individual capacity.

### SIXTH AFFIRMATIVE DEFENSE

The decedent's injuries were caused by his own conduct for which this defendant is not responsible.

### SEVENTH AFFIRMATIVE DEFENSE

This defendant pleads that the plaintiff's injuries were caused or contributed to by other persons, firms and corporations for which this defendant is not responsible.

**This defendant demands trial by jury.**

Defendant,
By her Attorney,

*/s/ Marc DeSisto*

Marc DeSisto, Esquire (#2757)
DESISTO LAW
211 Angell Street
Providence, RI 02906
Tel: (401) 272-4442
Fax: (401) 272-9937
Email: marc@desistolaw.com

CERTIFICATION OF SERVICE

I hereby certify that the within document has been electronically filed with the Court on December 10, 2010, that it is available for viewing and downloading from the ECF system, and that the counsel of record listed below will receive notice via the ECF system:

Amato A. DeLuca, #0531

Miriam Weizenbaum, #5182

Jeffrey A. Mega, #6441

Matthew T. Jerzyk, #7945

*/s/ Marc DeSisto*